[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
This action was commenced by the plaintiff, Tobin Melien, seeking money damages and damages pursuant to C.G.S §§ 52-568 (1) and (2) due from the defendants Carl Grande and Debra Bressler for vexatious litigation. Mr. Grande and Ms. Bressler are husband and wife.
The plaintiff, a law firm, originally brought a collection action on behalf of Yale-New Haven Hospital against the defendant, Debra Bressler. In that small claims actions the defendant entered into a stipulated judgment and agreed to make weekly payments. It appears that although the defendant was up-to-date on the agreed upon payments, the plaintiff obtained a bank execution and levied against the joint account of the defendants for the balance of the judgment.
The defendants then brought an action to vacate the bank execution against the plaintiff which was assigned to be heard by Magistrate Frauwirth. Earlier the same magistrate had heard the matter of Yale-NewHaven Hospital, Inc. v. Diane Demir et al. That matter seems to concern an identical fact pattern with regard to payments and execution. During that hearing, the magistrate advised the defendants to file a counterclaim against the firm of Tobin Melien for "breach of contract," in relation to the bank execution. On March 19, 1999 Attorney Tobin, a principal in the plaintiff law firm, wrote to then Chief Court Administrator, Robert C. Leuba complaining about the magistrate's action. Defendant Grande, at the hearing in this matter, testified that Magistrate Frauwirth gave him essentially the same advice to sue the law firm of Tobin Melien.
The defendant Carl Grande testified that relying on the magistrate's advice he brought a small claims action on behalf of himself and his wife CT Page 2819 Debra Bressler against the law firm. He alleged:
 "Law firm engaged in harassment. Misrepresented facts refused to respond. Engaged in improper legal conduct thereby causing plaintiffs to spend money and lose work time mislead the court by requesting wage execution, . . . ."
It appears that the magistrate was about to hear the present defendant's action against the present plaintiff when the Tobin letter of March 19, 1999 to Judge Leuba came to the magistrate's attention. At that point the magistrate recused himself from further involvement in the matter.
Subsequently, Bressler v. Tobin Melien was heard by Magistrate Joseph Nucera. Magistrate Nucera ruled for the defendant. He found that Debra Bressler did not appear at trial although her husband both at that trial and at this trial claimed that her absence was due to medical reasons. He further found that Mr. Grande was not a defendant in the original collection action and therefore had no justiciable interest which would allow him to recover in the harassment law suit.
Magistrate Nucera's final paragraph is worthy of note. He writes:
 "Finally, the court notes that while litigation may be stressful, it should not engender the ill will demonstrated by both sides in these proceedings which led to the unduly and unreasonably protracted litigation in both cases."
Notwithstanding Magistrate Nucera's admonition there was more to come. With a return date of October 3, 2000, Tobin Melien filed the present action against Carl Grande and Debra Bressler. The present action is for vexatious litigation and the essential allegation is that the defendants, Grande and Bressler lacked probable cause in the commencement and prosecution of their law suit.
 DISCUSSION
The Appellate Court recently considered the question of vexatious litigation in Shea v. Chase Manhattan Bank, 64 Conn. App. 624 (2001). The court held that the cause of action for vexatious litigation required the plaintiff to show: (1) the prior litigation was commenced by the defendant; (2) the prior litigation ended in the plaintiff's favor; and (3) the defendant did not have probable cause for the prior litigation. In the instant case, the first and second prongs of the test are CT Page 2820 conceded.
In Shea, the court held that the defendant had probable cause because it acted on the "advice of counsel." In Shea, both in house counsel and the Hartford law firm of Robinson Cole representing the defendant had analyzed the facts and advised the defendant that it had a cause of action. Shea concerned a requested 7.5 million dollars secured line of credit from Chase.
In the instant case although the defendant Grande testified that he consulted several lawyers he refused to name them and the court attaches no significance to that testimony. However, the court is convinced based upon the testimony of the defendant and the Tobin letter of March 19, 1999 to Judge Leuba that the magistrate advised the defendants to file a countersuit against the firm of Tobin Melien for "breach of contract." While the court is not prepared to find that the magistrate's advice from the bench is the legal equivalent of "advice of counsel", and while the court has some questions about the propriety of such advice being given by a magistrate from the bench, nevertheless, the court is convinced that the pro se plaintiffs there who are the defendants here had probable cause to believe that they had a valid cause of action against the law firm. Accordingly, the court finds that small claims action SCA6-114334 does not constitute vexatious litigation.
In the alternative the only evidence of damages submitted by the plaintiff was a client ledger sheet showing the expenditure of 49.30 hours in defense of Grande et al. v. Tobin Melien, SCA6-114334. The plaintiff concedes that as a pro se party in the current litigation it is precluded from seeking and obtaining attorney's fees that might otherwise be available to it. Citing Jones v. Ippoliti, 52 Conn. App. 199, 212. Essentially the plaintiff's damage claim is for lost of business to the firm. Plaintiff claims that but for the small claims action an attorney employed by the plaintiff law firm would have expended 49.30 hours on some billable matter. While the client ledger, plaintiff's Exhibit 1, indicates a billable hourly rate of $175.00 an hour, the parties agreed that Exhibit 1 did not support a conclusion that that was a reasonable rate. Indeed the plaintiff offered no evidence as to the reasonable value of services.
More importantly, the plaintiff is claiming damages for lost profits. In Beverly Hills Concepts, Inc. v. Schatz Schatz, 247 Conn. 48, 69
(1998), the Supreme Court held:
"Although we recognize that damages for lost profits may be difficult to prove with exactitude [citations omitted] such damages are recoverable only to the CT Page 2821 extent that the evidence affords a sufficient basis for estimating their amount with reasonable certainty [citations omitted]. Consequently, we have permitted lost profits to be calculated by extrapolating from past profits. . . ."
The plaintiff has introduced absolutely no evidence to show that the profits of the plaintiff law firm were reduced by reason of the time expended in defending the small claims action. The plaintiff's claim for damages is at best highly speculative in a manner totaling inconsistent with Schatz Schatz.
The court finds that the defendants were not guilty of vexatious litigation because they had probable cause to bring their action. In addition, the court finds that even if the defendants were guilty of vexatious litigation the plaintiff has not proved lost profits with sufficient exactitude to satisfy its burden. As to damages, the plaintiff did produce a receipt for a deposition taken in the case which indicates the payment of $544.65 for a deposition transcript in the small claims case. If the court had found that this litigation were vexatious, it would have awarded damages in the amount of $544.65.
Kevin E. Booth, Judge